KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE VASQUEZ-VERGARA,<br><br>Defendant. | Criminal Case No. 08-CR-1189-JAH<br><br>DATE: June 23, 2008<br>TIME: 8:30 a.m.<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>**(1) COMPEL DISCOVERY;**<br><br>**(2) DISMISS INDICTMENT; AND**<br><br>**(3) OBTAIN LEAVE TO FILE FURTHER MOTIONS** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its response and opposition to defendant Enrique Vasquez Vergara's motions to compel discovery, dismiss the indictment and obtain leave to file further motions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On April 16, 2008, a one-count indictment was filed charging defendant Enrique Vasquez-Vergara with a violation of Title 8, United States Code, Sections 1326(a) and (b). Defendant was arraigned on the indictment on April 17, 2008 and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

**A.     Defendant's Apprehension**

On February 16, 2008, Border Patrol Agent C. Mehmel was performing linewatch duties near Campo, CA, approximately 20 miles east of the Tecate, CA Port of Entry and one mile north of the international border. At approximately 9:20 a.m., Agent Mehmel responded to a seismic sensor device activation in the area. Agent Mehmel followed footprints leading along a foot trail from the sensor's location, and he subsequently encountered five individuals hiding in the brush near the trail.

Agent Mehmel conducted field interviews of the five individuals. Defendant admitted to being a citizen of Mexico without documents allowing him to enter or remain in the United States. At that point, Agent Mehmel placed all five individuals under arrest.

At approximately 1:13 a.m. on February 17, Defendant received Miranda warnings and agreed to answer questions. Defendant stated that he is a citizen of Mexico and that he did not possess any documents allowing him to enter the United States. According to Defendant, he entered the United States from Mexico on February 16, 2008 by crawling underneath the border fence.

**B.     Defendant's Immigration History**

Defendant is a citizen of Mexico. On or about November 20, 1997, Defendant was removed from the United States to Mexico pursuant to an Order of an Immigration Judge. Defendant subsequently was removed from the United States to Mexico on August 18, 2004.

/ / /

/ / /

/ / /

**C.   Defendant's Criminal History**

Defendant's criminal history includes the following convictions:

| CONVICTION DATE | COURT | CHARGE | TERM |
|---|---|---|---|
| 10/1/1990 | CASC Santa Barbara | Residential Burglary (Penal Code § 459) | 4 years prison |
| 8/11/1999 | CASC Ventura | Driving Under the Influence (Vehicle Code § 23152) | 60 months probation |
| 4/24/2001 | CASC Santa Barbara | Petty Theft with Prior (Penal Code § 666) | 364 days jail |
| 2/2/2004 | CASC Ventura | Under Influence of Controlled Substance (Health and Safety Code § 11550) | 90 days jail |
| 10/3/2005 | USDC C. D. Cal | Illegal Entry (8 U.S.C. § 1325) | 30 months prison |

### III

### DEFENDANT'S MOTIONS

**A.   Motion to Compel Discovery**

To date, the Government has provided Defendant with 146 pages of discovery and one DVD. The discovery produced includes the Border Patrol report of Defendant's apprehension, Defendant's rap sheet and documents reflecting Defendant's criminal convictions and immigration history. The Government also has produced the audio recording of Defendant's November 1997 deportation hearing. Defendant has not provided reciprocal discovery.

**1. Defendant's Statements**

The Government recognizes its obligation under Federal Rules of Criminal Procedure 16(a)(1)(A) and 16(a)(1)(B) to provide Defendant the substance of his oral and written statements. The Government has produced all of Defendant's written statements that are known to the undersigned Assistant U.S. Attorney at this date and all available videotapes. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agent must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of rough notes where the contents of the notes have been accurately reflected in a typewritten report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's handwritten notes even where there "minor discrepancies" between the notes and a report).

The Government is not required to produce rough notes pursuant to the Jencks Act because the notes do not constitute "statements" as defined by 18 U.S.C. §3500(e) unless the notes: (1) comprise both a substantially verbatim narrative of a witness' assertion; and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). Any rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because they do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. See Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

### 2. Arrest Reports, Notes and Dispatch Tapes

The United States has provided Defendant with arrest reports. As noted previously, agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery. If the Government discovers additional reports or tapes that require disclosure under Rule 16(a)(1)(A) or 16(a)(1)(B), this discovery will be provided to Defendant.

### 3. **Brady Material**

The Government has complied with its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment and will continue to do so. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (emphasis added). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000). Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see Rector v. Johnson, 120 F.3d 551, 558 (5th Cir.1997)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the United States "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

### 4. **Any Information that May Result in a Lower Sentence**

The Government has provided and will continue to provide Defendant with all Brady material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is not required to

provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to Defendant's sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

**5. Defendant's Prior Record**

The Government has already provided Defendant with a copy of his rap sheet and conviction documents in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B). To the extent that the Government determines that there are any additional documents reflecting Defendant's prior criminal record, the Government will provide those to Defendant.

**6. Any Proposed 404(b) Evidence**

Should the Government seek to introduce any similar act evidence, pursuant to Federal Rule of Evidence 404(b), it will provide Defendant with notice of its proposed use of such evidence and information about such bad acts when the Government files its Trial Memorandum.

Should the Government seek to introduce any evidence of conviction of a crime pursuant to Federal Rule of Evidence 609, it will provide Defendant with notice of its proposed use of such evidence when the Government files its Trial Memorandum.

The Government objects to providing Defendant with complete vehicle and pedestrian crossing reports from the Treasury Enforcement Communications System ("TECS"). TECS reports are not subject to Rule 16(c) because the reports are neither material to the preparation of the defense, nor intended for use by the Government as evidence during its case-in-chief. The TECS reports are not Brady material because the TECS reports do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If the Government intends to introduce TECS information at trial, discovery of the relevant TECS reports will be made at least by the time of the filing of its trial memorandum.

**7. Evidence Seized**

The Government has and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of

Defendant's defense or is intended for use by the Government as evidence in its case-in-chief, or were obtained from or belong to Defendant, including photographs. The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**8. Preservation of Evidence**

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules.

**9. Henthorn Material**

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate standard of materiality." Cadet, 727 F.2d at 1467-68. Further, if counsel for the United States is uncertain about the materiality of the information within its possession, the material will be submitted to the Court for in camera inspection and review. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

**10.     Tangible Objects**

Again, the Government has, and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or is intended for use by the Government as evidence in its case-in-chief or were obtained from or belong to Defendant, including photographs. As noted above, however, the Government need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**11.     Expert Witnesses**

The Government will disclose to Defendant the name, qualifications, and a written summary of testimony of any expert the Government intends to use during its case-in-chief pursuant to Fed. R. Evid. 702, 703, or 705.

**12.     Evidence of Bias or Motive to Lie**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses, including material information related to bias or motive to lie. The Government is unaware of any evidence indicating that any prospective witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that any prospective witness has a motive to falsify or distort testimony. The Government will produce any evidence of bias or motive of any of its witnesses of which it becomes aware. An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

**13.     Impeachment Evidence**

As stated previously, the United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

**14.     Evidence of Criminal Investigation of Any Government Witness**

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government will, however, provide the conviction record, if any, which could be used to impeach a witness the Government intends to call in its case-in-chief. An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

**15.     Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure provision.

**16.     Witness Addresses**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case,

1  however, has no right to discover the identity of prospective Government witnesses prior to trial. See
2  Weatherford v. Busey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th
3  Cir. 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)).[1] Nevertheless, in its Trial
4  Memorandum, the Government will provide Defendant with a list of all witnesses it intends to call in
5  its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher,
6  960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

   While the Government will supply a tentative witness list with its Trial Memorandum, it vigorously objects to providing home addresses. See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses).

   The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

   **17.    Name of Witnesses Favorable to Defendant**

   The Government will continue to comply with its obligations under Brady and its progeny. At the present time, the Government is not aware of any witnesses who have made an arguably favorable statement concerning Defendant or who could not identify Defendant or who were unsure of Defendant's identity or participation in the crime charged.

---

[1] Even in a capital case, the defendant is only entitled to receive a list of witnesses three days prior to commencement of trial. 18 U.S.C. § 3432; United States v. Richter, 488 F.2d 170 (9th Cir. 1973) (holding that defendant must make an affirmative showing as to need and reasonableness of such discovery).

**18.   Statements Relevant to the Defense**

The Government will comply with all of its discovery obligations. However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

**19.   Jencks Act Material**

The Government will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972). While the Government is only required to produce all Jencks Act material after the witness testifies, it plans to provide most, if not all, of any Jencks Act material well in advance of trial to avoid any needless delays.

**20.   Giglio Information**

The Government will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**21.   Agreements Between the Government and Witnesses**

If the Government makes or attempts to make any agreements with prospective witnesses for any type of compensation for their cooperation or testimony, it will disclose this information prior to trial.

**22.   Informants and Cooperating Witnesses**

This case does not involve confidential informants . However, if the Government determines that there is a confidential informant whose identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," it will disclose that person's identity to the Court for in camera inspection. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

**23.   Bias by Informants or Cooperating Witnesses**

As noted above, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses, including material information

1  related to bias or motive to lie.

2      **24.**    **Reports of Examinations and Tests**

3      The United States will comply with its obligations under Rule 16(a)(1)(F) with respect to
4  examinations or scientific tests.

5      **25.**    **Residual Request**

6      The Government has complied with Defendant's residual request for prompt compliance with
7  Defendant's discovery requests and will continue to do so.

8  **B.**    **Motion to Dismiss Indictment**

9      Defendant concedes that controlling Ninth Circuit precedent forecloses his arguments.  See
10 United States v. Rivera-Sillas, 417 F.3d 1014 (9th Cir. 2005).  No further discussion is necessary.

11 **C.**    **Leave To File Further Motions**

12     The Government does not oppose granting both parties leave to file further motions so long as
13 those motions are based on information not currently available to the parties.

14

15                                         **IV**

16                                   **CONCLUSION**

17     For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's
18 motions for discovery and to dismiss the indictment.

19

20 DATED: June 5, 2008.                        Respectfully submitted,

21                                         Karen P. Hewitt
                                        United States Attorney
22

23                                         s/ David D. Leshner
                                        DAVID D. LESHNER
24                                         Assistant U.S. Attorney

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08-CR-1189-JAH |
| Plaintiff, ) | |
| v. ) | CERTIFICATE OF SERVICE |
| ENRIQUE VASQUEZ-VERGARA, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: (1) COMPEL DISCOVERY; (2) DISMISS INDICTMENT; AND (3)    OBTAIN LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Leila Morgan, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2008.

/s/ David D. Leshner
DAVID D. LESHNER